UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RMC PUBLICATIONS, INC., and RMC PROJECT MANAGEMENT, INC., | Case No. 07-CV-1138 (PJS/RLE) |
| Plaintiffs, | |
| v. | ORDER |
| DOULOS PM TRAINING and GARY RECHTFERTIG, | |
| Defendants. | |

Rita A. O'Keeffe and Keith S. Moheban, LEONARD STREET AND DEINARD, PA, for plaintiffs.

John R. Neve, NEVE & ASSOCIATES, PLLC; Woody Dean Cook, COOK & COOK LAW FIRM, for defendants.

This matter is before the Court on the motion of defendants Doulos PM Training and Gary Rechtfertig to dismiss or, alternatively, to transfer to the United States District Court for the Northern District of Texas. For the reasons that follow, the Court grants the motion to transfer and denies the motion to dismiss as moot.

I. BACKGROUND

The parties are familiar with the facts, which are summarized here only briefly. According to the complaint (the allegations of which the Court takes as true for purposes of this motion), defendant Gary Rechtfertig offers project-management courses in Texas through defendant Doulos PM Training, which he owns.[1] In those courses, Rechtfertig uses exam-simulation software called *PM FASTrack* that is copyrighted by plaintiff RMC Publications, Inc.,

---

[1] The Court refers both to Rechtfertig as an individual and to Rechtfertig and Doulos PM Training collectively as "Rechtfertig."

and licensed by plaintiff RMC Project Management, Inc. (collectively "RMC").  Rechtfertig purchased various copies of *PM FASTrack* from RMC but has violated the license agreement that accompanies the software and therefore infringed RMC's copyright in it.  Specifically, Rechtfertig has installed more copies of *PM FASTrack* than he should have and has improperly shared the software with his students.  Compl. ¶¶ 24-31.

RMC is based in Minnesota and provides technical support for *PM FASTrack* from its Minnesota offices.  Rechtfertig has never visited Minnesota in connection with his purchase or use of *PM FASTrack*.  Rechtfertig has, however, ordered the software directly from RMC's Minnesota offices, and he has also communicated by phone and email with RMC's Minnesota staff about issues related to licensing and activating copies of *PM FASTrack*.  Rechtfertig Aff. ¶ 3 [Docket No. 11]; Craft Decl. ¶¶ 2-6 [Docket No. 18].

## II.  DISCUSSION

### A.  Personal Jurisdiction

Rechtfertig argues that this Court lacks personal jurisdiction over him.  Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."  Thus, whether this Court has jurisdiction over Rechtfertig depends on whether a Minnesota state court could exercise jurisdiction over him.  *See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

Minnesota's long-arm statute is as broad as a long-arm statute can be:  It permits Minnesota state courts to exercise all of the jurisdiction permitted under the United States

Constitution. Thus, this Court has personal jurisdiction over Rechtfertig if the exercise of such jurisdiction by a Minnesota court would be constitutional. *See Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) ("Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process.").

The Due Process Clause permits state courts to exercise personal jurisdiction over a nonresident only if that nonresident has sufficient contacts with the forum state that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). Only when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State" does the Constitution permit the forum state to exercise personal jurisdiction over that defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotations omitted); *Johnson*, 444 F.3d at 955 ("Personal jurisdiction exists only if the contacts between the defendant and the forum state are sufficient to establish that the defendant has purposefully availed himself of the benefits and protections of the forum state.").

In this case, Rechtfertig's contacts with Minnesota are quite limited: (1) Rechtfertig ordered software from RMC; (2) he contacted RMC staff for technical support related to activating the software and to discuss negotiating a lower-cost license; (3) he contacted RMC staff when issues arose with respect to activating his students' copies of *PM FASTrack*; and (4) every time Rechtfertig (or someone to whom he supplied *PM FASTrack*) activated the software, the software communicated over the Internet with RMC's license servers in Minnesota.

The fact that Rechtfertig purchased copies of and licenses to the software from RMC is, standing alone, clearly insufficient to support personal jurisdiction.  *See Johnson*, 444 F.3d at 956; *Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.").  The Court further finds that personal jurisdiction does not arise from the contact, during the software-activation phase, between RMC's Minnesota-based activation servers and the computers on which copies of *PM FASTrack* were installed.  Internet-based product activation is a routine feature of modern software.  Consumers who activate software neither know nor care in which state (or country) the activation servers are located (that is, if consumers even know what an activation server is).  Moreover, the geographical location of activation servers is entirely within the control of, and subject to change at any time by, the software company that runs (or rents) the servers.

Whether Rechtfertig's telephone and email contacts with RMC about licensing and product activation are sufficient to support personal jurisdiction is a closer question.  RMC argues that, because these activities were intimately connected to Rechtfertig's infringement, Rechtfertig could reasonably expect to be haled into court in Minnesota.  Pl. Opp. at 10-11 [Docket No. 16].  The Court concludes, however, that these long-distance telephone and email communications are not sufficiently distinct from sales-related communications to support personal jurisdiction.  Put another way, the Court finds that because a long-distance sale alone does not permit Minnesota courts to exercise jurisdiction over a buyer, closely-related long-distance technical support and licensing-related communications of the type alleged by RMC in this case also do not support jurisdiction in Minnesota.  The Court's decision in this respect is

consistent with *Superior Edge, Inc. v. Maricopa County Cmty. Coll. Dist.*, 509 F. Supp. 2d 786 (D. Minn. 2007).

Finally, the Court rejects RMC's argument that personal jurisdiction is proper under *Calder v. Jones*, 465 U.S. 783 (1984). *Calder* held that where an out-of-state party commits an intentional tort — in *Calder*, defamation — that has an effect in the forum state, the forum state can constitutionally exercise jurisdiction over the tortfeasor. *Id.* at 788-90. But this rule is not nearly as broad as RMC contends. *See Superior Edge*, 509 F. Supp. 2d at 794 (explaining *Calder* and its application by the Eighth Circuit). In this case, Rechtfertig's Texas-based infringement has caused only one effect in Minnesota: a loss of revenue to RMC. If this type of "effect" supported personal jurisdiction, then a Texas tortfeasor who destroyed a corporation's property in Texas would be subject to suit in Minnesota simply because the financial loss resulting from the destruction of the property was "felt" by a shareholder of the corporation who lived in Minnesota.

*Calder* cannot be stretched so far. The type of "effect" at issue in *Calder* was damage to entertainer Shirley Jones's reputation. Reputational damage is, by its very nature, localized: The damage suffered by Jones occurred in the forum state, California, when California residents thought less of Jones as a result of a tabloid's publication, in California, of defamatory statements. Monetary damage suffered by a corporation in one state as a result of activities in a different state is not nearly so tied to the forum state and thus is not a basis for personal jurisdiction. For these reasons, the Court holds that it cannot exercise personal jurisdiction over Rechtfertig.

B.  Venue

The Court also finds that, even if it could exercise personal jurisdiction over Rechtfertig, venue does not lie in the District of Minnesota under 28 U.S.C. § 1391.  Rechtfertig argues that venue is improper in Minnesota because this is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," § 1391(b)(2).  Def. Mem. at 11-12.  RMC sidesteps this argument, pointing out that, under § 1391(c), "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Pl. Opp. at 16.  RMC seems to suggest that venue is therefore proper under § 1391(b)(1), which authorizes venue in "a judicial district where any defendant resides, if all defendants reside in the same State."  The problem is that, even if the Court were to agree that Doulos PM Training was "subject to personal jurisdiction" (and it does not), *Rechtfertig* remains a defendant, and he is a human being who resides in Texas, not a corporation deemed to reside in Minnesota by virtue of § 1391(c).  Thus, even under RMC's theory,  "all defendants" do *not* reside in Minnesota, and venue does not lie in the District of Minnesota under § 1391(b)(1).

C.  Transfer

The Court finds that even if it could exercise personal jurisdiction over Rechtfertig, and even if venue did lie in the District of Minnesota, the Court would nevertheless transfer the case under 28 U.S.C. § 1404(a) "[f]or the convenience of the parties, in the interest of justice . . . ."  The alleged infringement all took place in Texas, and most (if not all) of the non-party witnesses are in Texas.  Testimony of those non-parties about Rechtfertig's use of *PM FASTrack* will likely be essential to this case.  Given that much of this case will turn on the credibility of

individual witnesses, and given that this case has only a tenuous connection to Minnesota, the Court finds that the interests of justice and convenience of the parties support transferring this case to the United States District Court for the Northern District of Texas.

The findings of the Court would permit the Court either to dismiss this action or to transfer it. Given that there is no dispute that both jurisdiction and venue are proper in the Northern District of Texas, the Court will transfer this action rather than dismiss it.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss or transfer [Docket No. 13]. Accordingly, IT IS HEREBY ORDERED THAT:

1. To the extent that defendants seek a transfer order, defendants' motion to dismiss or transfer [Docket No. 13] is GRANTED.

2. To the extent that defendants seek an order of dismissal, defendants' motion to dismiss or transfer [Docket No. 13] is DENIED AS MOOT.

3. This case is hereby TRANSFERRED to the United States District Court for the Northern District of Texas (Dallas Division). The Clerk of Court is directed to effect the transfer.

Dated: December 3, 2007         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge